# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE FAVIO MOLINA JEREZ, | Civil No. 10-4498 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| ERIC H. HOLDER, JR., ATTORNEY GENERAL, *in his official capacity as head of the Department of Justice*, JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, *in her official capacity*, HILLARY R. CLINTON, SECRETARY OF STATE, *in her official capacity*, and DEPARTMENT OF HOMELAND SECURITY, | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Defendants. | |

Benjamin R. Casper, **ATTORNEY AT LAW**, 33 East Wentworth Avenue, Suite 360, West St. Paul, MN 55118; Katherine K. Bruce, **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402; and Sheila M. Stuhlman, **IMMIGRANT LAW CENTER OF MINNESOTA**, 450 North Syndicate Street, Suite 175, St. Paul, MN 55104, for plaintiff.

Christopher W. Hollis, **UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION**, P.O. Box 878, Ben Franklin Station, Washington, D.C. 20044, for defendants.

Plaintiff Jose Favio Molina Jerez, a Guatemalan national, brings breach of contract and Administrative Procedure Act claims against Eric H. Holder, Jr., Attorney General in his official capacity as head of the Department of Justice; Janet Napolitano, Secretary of the Department of Homeland Security, in her official capacity; Hillary R. Clinton, Secretary of State, in her official capacity; and the Department of Homeland Security

(collectively, the "United States").   Molina Jerez's claims arise out of the United States Citizenship and Immigration Services' ("USCIS") declaration of Molina Jerez's ineligibility for asylum benefits pursuant to the Stipulated Class Action Settlement Agreement approved in *American Baptist Churches v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC Agreement").[1]   The United States moves to dismiss Molina Jerez's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim, or in the alternative, moves to transfer venue.   In a Report and Recommendation (R&R) dated September 1, 2011, United States Magistrate Judge Leo I. Brisbois recommended denying all of these motions.

This matter is before the Court on the United States' objections to the R&R.   The Court has reviewed *de novo* the United States' objection to the R&R pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).   The Court supplements the report and adopts the recommendation based upon the Court's analysis as set forth below.   The Court therefore denies the United States' motions to dismiss and transfer venue.

## BACKGROUND

Molina Jerez first entered the United States in 1985.   (First Am. Compl. ¶ 30, April 5, 2011, Docket No. 23.)   In 1989, an Immigration Judge issued an order for his

---

[1] The ABC Agreement settled a lawsuit alleging "systemic challenges to the processing of asylum claims filed by Salvadorans and Guatemalans" who sought asylum prior to October 1, 1990.  760 F. Supp. at 799.  The United States had denied many applicants asylum because it had favorable relations with El Salvador and Guatemala and therefore concluded that many applicants could not have a "well-founded fear of persecution" in those countries.  *Id.*  The ABC Agreement offered asylees of those countries another chance to seek asylum and relief from the consequences of prior asylum denials.  *Id.* at 799, 804-05.  The ABC Agreement benefits include the right to special interviews, a new asylum adjudication, work authorizations, and freedom from detention.  *Id.*

deportation.  (*Id.* ¶ 31.)  Molina Jerez left the United States in 1990 and returned to Guatemala.  (*Id.* ¶ 32.)  He reentered the United States in March 1991 and mailed an Application for Asylum and an ABC Agreement registration form to the Immigration and Naturalization Service[2] ("INS") in December 1991, dating the asylum application December 20 and the ABC registration form December 30.  (*Id.* ¶ 35.)  The agency date-stamped the asylum application as received on January 2, 1992.  (*Id.* ¶ 65.)  The ABC Agreement states that in order to be eligible for benefits under the agreement, Guatemalans must "indicate to the INS in writing their intent to apply for a *de novo* asylum adjudication before an Asylum Officer, or otherwise to receive benefits of this agreement, within the period of time commencing July 1, 1991 and ending on December 31, 1991."  *ABC*, 760 F. Supp. at 799-800.[3]  Following submission of his asylum application and ABC registration form, Molina Jerez renewed his employment authorization card every year, living and working in the United States until 2008.  (First Am. Compl. ¶ 36.)

On April 11, 2007, Molina Jerez attended an asylum interview with USCIS.  (*Id.* ¶ 37.)  The USCIS determined that Molina Jerez was ineligible for ABC class membership.  (*Id..*)  After the interview, Molina Jerez signed a form waiving his right to

---

[2] The INS ceased to exist in 2003 and its functions were transferred to the Department of Homeland Security.  USCIS and Immigration and Customs Enforcement ("ICE") are divisions within the Department of Homeland Security.

[3] That is, the ABC Agreement required a Guatemalan class member to submit to the INS, within a set time frame, a writing indicating **either** (1) an intent to apply for a *de novo* asylum adjudication, **or** (2) an intent to receive the benefits of the ABC Agreement.  *Chaly-Garcia v. United States*, 508 F.3d 1201, 1204 (9th Cir. 2007).  Molina Jerez asserts that he submitted both.

challenge the ABC ineligibility finding in federal court.  (Mem. in Supp., Ex. C, Apr. 20, 2011, Docket No. 31.)  The waiver in its entirety reads:

> I understand that the INS has determined that I am ineligible for benefits of the ABC settlement agreement for the reasons set out above.  I further understand that I have 30 days in which to challenge the determination in federal court.  I wish to waive this 30-day period in order to complete my removal.

(Mem. in Supp., Ex. C.)  Molina Jerez was not represented by counsel at the interview, and it is not clear whether information was provided to him in Spanish or English.  (First Am. Compl. ¶ 37; Mem. in Opp'n at 17-18, June 24, 2011, Docket No. 36; Madsen Decl. ¶¶ 1-2, July 1, 2011, Docket No. 43.)  Molina Jerez alleges that he cannot speak English well and that he did not receive translated explanations of the process and his rights in Spanish.  (First Am. Compl. ¶ 29; Mem. in Opp'n 16; Blackford Decl. ¶ 3, June 24, 2011, Docket No. 37.)  The Chicago Asylum Office Director who interviewed Molina Jerez declares that, although he cannot specifically remember the interview, he is confident that if Molina Jerez had not been able to understand the interview, he would have noted it in his file and given Molina Jerez the opportunity to reschedule the interview with an interpreter present.  (Madsen Decl. ¶¶ 1-2.)  The waiver form provides a space for the asylum officer to certify whether the waiver was explained in English or Spanish, but that provision was left blank on Molina Jerez's waiver.  (Mem. in Supp., Ex. C.)

Following the interview, USCIS issued a notice of Molina Jerez's ineligibility for ABC Agreement benefits.  (First Am. Compl. ¶ 37.)  If an applicant is denied eligibility for ABC Agreement benefits, the ABC Agreement provides:

> [19.]b. STAY PENDING JUDICIAL REVIEW. Defendants will stay the deportation of class members denied any of the rights or benefits of this

> agreement (including membership in the class and eligibility to apply) for 30 days from the date of such denial to permit the applicant to pursue an action in federal court, except that persons ordered deported pursuant to 8 U.S.C. § 1251(a)(4)(B) [8 U.S.C. § 1251(a)(2)(A)(iii) as amended by Public Law 101-649][4] shall not have their deportations stayed by virtue of this agreement.

*American Baptist Churches*, 760 F. Supp. at 806.  On April 24, 2007, Molina Jerez's attorney filed a motion with USCIS to reconsider its ineligibility finding.  (First Am. Compl. ¶ 38.)  With this motion, he supplied a copy of an ABC registration form dated December 30, 1991.  (*Id.*)  USCIS did not consider the motion at the time, but it changed its records on July 6, 2007 to show that Molina Jerez was in the ABC group.  (*Id*. ¶ 39.)

On April 16, 2008, USCIS conducted another interview with Molina Jerez relating to his asylum application.  (*Id.* ¶ 40.)  The interview was allegedly conducted without the benefit of the special procedures required by the ABC Agreement.  (*Id.*)

Molina Jerez was detained in August 2008.  (*Id.* ¶ 74.)  On September 9, 2008, USCIS notified Molina Jerez of its intent to deny his non-ABC asylum application.  (*Id.* ¶ 41.)  Molina Jerez responded on September 30 by filing for benefits under the Nicaraguan Adjustment and Central American Relief Act ("NACARA").[5]  (*Id.* ¶ 42.)  USCIS denied Molina Jerez's asylum claim on November 6 without addressing his eligibility as to ABC class membership or NACARA.  (First Am. Compl. ¶¶ 43-44.)

---

[4] Currently 8 U.S.C. § 1227(a)(2)(A)(iii) as amended by Public Law 104-208.

[5] Guatemalans who are ABC class members may be eligible for NACARA benefits. *Cuadra v. Gonzales*, 417 F.3d 947, 948-49 (8th Cir. 2005).  NACARA provides the Attorney General with discretion to suspend deportation and, for class members who meet certain conditions, to "adjust to the status of an alien lawfully admitted for permanent residence". *Id.* at 949 (quoting NACARA § 203).

Molina Jerez sought a stay of deportation in order to allow time to adjudicate his ABC status, and Immigration and Customs Enforcement ("ICE") denied the stay December 3, 2008.  (*Id.* ¶ 45.)  The next day, Molina Jerez narrowly avoided deportation when the United States District Court for the District of Nebraska granted a stay of removal pursuant to a writ of habeas corpus.  (*Id.* ¶¶ 46-48.)

USCIS reinstated the deportation order on January 8, 2009, and Molina Jerez appealed USCIS's decision to the Eighth Circuit.  (*Id.* ¶ 50.)  The Eighth Circuit held that it lacked jurisdiction to review the Department of Homeland Security/USCIS's factual determination that Molina Jerez failed to timely register for ABC Agreement benefits, and dismissed that part of Molina Jerez's petition.[6]  *Molina Jerez v. Holder*, 625 F.3d 1058, 1069 (8th Cir. 2010).  Molina Jerez filed the present action later that year, on November 9, 2010.

Following another interview with Molina Jerez, USCIS decided on March 18, 2011 that his fear of persecution or torture was not credible and he was ineligible for ABC Agreement benefits.  (First Am. Compl. ¶¶ 57-60.)  Immigration Judge Daniel A.

---

[6] Molina Jerez had sought the Eighth Circuit's review of an order reinstating his removal. *Molina Jerez v. Holder*, 625 F.3d 1058, 1067 (8th Cir. 2010).  The Eighth Circuit explained it has narrow jurisdiction to review reinstatement orders, limited solely to constitutional claims and questions of law, but not the agency's "factual findings or discretionary judgments."  *Id.* at 1068. The court determined that the timeliness of Molina Jerez's ABC registration card submission was a factual determination that it lacked jurisdiction to review for purposes of the reinstatement of removal.  *Id.* at 1068-69.  The parties agree that neither (1) Molina Jerez's timely registration for ABC benefits nor (2) whether Molina Jerez's December 1991 asylum application sufficiently indicated his intent to receive ABC Agreement benefits was litigated before the Eighth Circuit; consequently, consideration of these issues by this Court is not precluded.  Further, this Court has jurisdiction because the ABC Agreement explicitly granted jurisdiction to federal district courts if an ABC class member is determined ineligible for benefits.  *American Baptist Churches*, 760 F. Supp. at 809-810.

- 6 -

Morris affirmed that decision on March 24.  (Order of the Immigration Judge, Mar. 24, 2011, Docket No. 28.)  Molina Jerez was removed to Guatemala on April 28, 2011. (Notice of Removal, April 28, 2011, Docket No. 35.)

Molina Jerez seeks a declaration that the United States breached the ABC Agreement by refusing to find that he had timely registered for ABC Agreement benefits, and he seeks various relief from the alleged breach and determination.  The United States moves to dismiss the complaint, or, in the alternative, to transfer venue.  The Magistrate Judge recommended that the United States' motions be denied, and the United States now objects to the Magistrate Judge's R&R.

## ANALYSIS

Before the Court are the United States' objections to the Magistrate Judge's recommendation.  The United States objects on grounds that the Magistrate Judge's report erroneously converted its Rule 12(b)(1) motion to dismiss into one for summary judgment, and it asserts that this Court has no subject matter jurisdiction over this matter. The United States further objects that the Magistrate Judge erred in recommending denial of its 12(b)(6) motion to dismiss because Molina Jerez's applications for asylum and ABC Agreement benefits were untimely as a matter of law.  Finally, the United States objects to the R&R's reliance on the jurisdictional provisions of the ABC Agreement in recommending denial of its motion to change venue.  The Court considers each of the motions and related objections in turn.

## I.  MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A.  Standard of Review for Motion to Dismiss for Lack of Subject Matter Jurisdiction

The United States moves to dismiss Molina Jerez's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims.  *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008).  Under Article III, § 2, of the Constitution, federal courts cannot exercise judicial power unless there is an actual case or controversy.  *E.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).  In resolving a motion to dismiss under Rule 12(b)(1) based on a "factual" attack,[7] the Court is not limited to a consideration of the face of the complaint, but may also consider evidence submitted by the parties.  *Gilmore v. Nw. Airlines, Inc.*, 504 F. Supp. 2d 649, 653 (D. Minn. 2007).

### B.  United States' Objections Related to Motion to Dismiss under Rule 12(b)(1)

The United States moves to dismiss for lack of subject matter jurisdiction, arguing that this Court does not have jurisdiction because (1) Molina Jerez waived his right to appeal by signing a written waiver and (2) by failing to file his appeal within thirty days

---

[7] The United States affirmed in its objections to the R&R that its motion was a factual jurisdictional challenge, not a facial one.  (Defs.' Objections to R&R at 3, Docket No. 47.)

of the denial of his application for ABC status, Molina Jerez waived his right to challenge his ineligibility finding in federal court.

In addressing this motion, the Magistrate Judge first converted the United States' motion to dismiss for lack of jurisdiction due to waiver into a motion for summary judgment. The Magistrate Judge concluded that waiver is an affirmative defense – a substantive not jurisdictional bar – that does not automatically strip a court of subject matter jurisdiction, and, therefore, that a Rule 12(b)(1) motion was inappropriate. The Magistrate Judge also determined that, because both parties submitted extrapleading materials, the motion was most appropriately treated as a summary judgment motion. Finally, the Magistrate Judge concluded that there were disputed issues of fact as to the waiver prevented the grant of summary judgment.

Second, the R&R addressed the United States' motion to dismiss on the grounds that the ABC Agreement requires applicants to appeal an ineligibility determination within thirty days in a federal district court. The Magistrate Judge determined that such a reading of the agreement was legally erroneous because the ABC Agreement's language was ambiguous and extrinsic evidence supported a broader interpretation.

The United States sets forth two objections to the R&R. First, the United States argues that the motion should not have been converted to a motion for summary judgment. Second, the United States objects to the Magistrate Judge's determination that Molina Jerez's appeal of his ineligibility determination to federal district court was not barred after thirty days.

### 1.      Waiver

### a.      Conversion to Summary Judgment

The first issue is whether the Magistrate Judge erred in converting the Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment.   The United States based its Rule 12(b)(1) argument primarily on Molina Jerez's waiver of his right to appeal USCIS's determination that he is ineligible for ABC Agreement benefits.  Waiver, however, is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and substantive affirmative defenses are not appropriately considered in the context of a Rule 12(b)(1) motion to dismiss, *Highland Renovation Corp. v. Hanover Ins. Grp.*, 620 F. Supp. 2d 79, 82 (D.D.C. 2009).[8]

The Magistrate Judge could have recommended dismissal of this portion of the United States' motion to dismiss for lack of jurisdiction because the United States failed to make any jurisdictional arguments.   Courts, however, are required to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e).   The proper method of seeking dismissal of claims based on an affirmative defense like waiver is a Rule 12(b)(6) motion to dismiss for failure to state a claim, or a Rule 56 motion for summary judgment.   *See, e.g.*, *Highland Renovation Corp.*, 620 F. Supp. 2d at 82.   Due to the submission of extra-

---

[8] *See also Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 560 (7th Cir. 2002) ("[T]he existence of a defense does not undercut the adequacy of the claim.") (citing *Gomez v. Toledo*, 446 U.S. 635, 639-41 (1980)).

"Waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks and citations omitted).  Because intent and knowledge are essential elements of waiver, Molina Jerez must have an opportunity to contest those elements.

pleading materials by both parties, the Court could not properly consider the motion if it was converted to a Rule 12(b)(6) motion. *See* Fed. R. Civ. P. 12(d). Therefore, it was appropriate for the Magistrate Judge to convert the motion to dismiss into a motion for summary judgment.

### b.    Factual Issues Regarding Waiver

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The parties dispute whether Molina Jerez understood the rights he relinquished when he signed the waiver. He was unrepresented by counsel at the April 11, 2007 interview, and it is unknown whether he was provided the information in English or in Spanish. These facts are essential to determine whether Molina Jerez's waiver was intentional and if he understood his rights. Accordingly, the Court will deny summary judgment on the affirmative defense of waiver.

## 2.    Statutory Period for Appeal

Alternatively, the United States moves to dismiss for lack of jurisdiction because it asserts that, under the ABC Agreement, Molina Jerez was required to have appealed USCIS's ineligibility determination in a federal district court within thirty days.  In the ABC Agreement, the United States agreed to "stay the deportation of class members denied any of the rights or benefits of this agreement (including membership in the class and eligibility to apply) for 30 days from the date of such denial to permit the applicant to pursue an action in federal court . . . ." *ABC*, 760 F. Supp. at 806 (¶ 19.b).  The Magistrate Judge determined that the thirty-day period applied only to the period of the stay of deportation, but it did not bar a class member from appealing to a federal court outside the thirty-day period.  The United States objects to this interpretation.

Because the ABC Agreement is a contract, it "must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999).  A court should consider the plain language of the contract first, and give contract terms their ordinary meaning.  *Id.*  The Court finds that a plain reading of paragraph 19.b indicates that the thirty days are the timeline for deportation, and the agreement does not provide a time limit for an appeal to a federal court.

Additionally, paragraph 35 of the ABC Agreement, entitled "Claims by Individual Class Members," sheds further light on the requirements for claims raised by individuals like Molina Jerez.  If a class member is denied any rights or benefits of the ABC Agreement, the "individual is entitled to seek enforcement of the provisions hereof by

initiating a separate proceeding in any federal district court . . . ." *ABC*, 760 F. Supp. at 809-10.   Paragraph 35 lacks any mention of limitations based on timeliness of the individual's claim.   *Id.*   Reading the ABC Agreement as a whole and giving effect to both paragraphs 35 and 19, the Court finds that the intent behind paragraph 19 was to address the mechanics of stays of deportation only, and the thirty-day time period does not govern the period of appeal by a class member.   Because paragraph 19.b does not operate to bar Molina Jerez's claims, the Court finds that it has jurisdiction to decide this matter.[9] The Court adopts the Magistrate Judge's recommendation and denies the United States' motion to dismiss for lack of subject matter jurisdiction.

## II.   MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A.   Standard of Review for Motion to Dismiss for Failure to State a Claim

The United States moves to dismiss Molina Jerez's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).   In reviewing a complaint on a motion to dismiss, the Court takes as true all allegations in the complaint and construes it in the light most favorable to

---

[9] Another court similarly found that paragraph 35 granted subject matter jurisdiction over a claim brought by a class member who was declared ineligible for ABC Agreement benefits in May 2007 yet brought an action in federal court more than two years later, in November 2009. *Tobar-Barrera v. Napolitano*, No. 09-3064, 2010 WL 972557, at *2-3 (D. Md. Mar. 12, 2010).

the nonmoving party.  *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

### B.  United States' Objections

The United States moves to dismiss Molina Jerez's complaint for failure to state a claim, arguing that Molina Jerez failed to timely apply for ABC Agreement benefits because his asylum application was received two days after December 31, 1991.  The Magistrate Judge recommended the denial of the motion to dismiss, concluding that Molina Jerez had alleged sufficient facts to state his breach of contract and Administrative Procedure Act claims.  The Magistrate Judge further determined that it was a legal question whether to state a claim Molina Jerez was required to plead that **INS received** his asylum application or ABC registration form by December 31, 1991, or whether it was sufficient that **he mailed** the asylum application by that date.  After examining the ABC Agreement, memoranda, regulations, and case law, the Magistrate Judge determined that Molina Jerez need only plead that he had mailed the documents by December 31, 1991.  The United States objects to this legal conclusion, arguing that the Magistrate Judge ignored the plain meaning of the ABC Agreement and erroneously disregarded relevant policies and regulations.

### 1.  Plain Meaning of ABC Agreement

Considering first the plain language of the ABC Agreement, *Klamath*, 204 F.3d at 1210, the Court finds that the language indicates that the writing must be mailed by December 31, not received.  Paragraph 2.b of the ABC Agreement requires Guatemalans

to "indicate to the INS in writing their intent . . . to receive the benefits of this agreement, within the period of time commencing July 1, 1991 and ending on December 31, 1991." *ABC*, 760 F. Supp. at 800.  If an applicant "do[es] not timely respond by December 31, 1991 . . . any relief under this agreement is deemed waived . . . ." *Id.* at 803 (paragraph 10).  The verbs "indicate" and "respond" lack clear guidance as to whether the writing had to be mailed or received by December 31.  Both verbs, however, place emphasis on what the applicant must do – the class member must indicate, and the class member must respond.  If the drafters intended to require the receipt of the writing, the INS should have been the focus of the language used.  The drafters used language emphasizing receipt elsewhere in the agreement; for example, paragraph 13, relating to the continuance of interviews, states that class members may reschedule one interview, "provided that [a written] request is **received by INS** at least two days before the scheduled interview." *Id.* at 803 (emphasis added).  Interpreting every part of the contract with reference to the whole, *Klamath*, 204 F.3d at 1210, the Court finds that because the focus of paragraph 2.b is on what a class member must do, a plain reading of the ABC Agreement requires that the writing must be mailed by December 31, not received.

### 2.   Relevant Policies and Regulations

Even if the Court found the plain language of the ABC Agreement to be unclear, the Court finds that USCIS's official policies applying the ABC Agreement support the Magistrate Judge's legal determination that Molina Jerez must plead that he mailed his materials by December 31, 1991.  First, the Magistrate Judge considered memoranda giving guidance on the proper application of the ABC Agreement written by USCIS

Director Joseph Langlois (Am. Compl., Ex. 14, Langlois 2006 Mem., June 8, 2006, Docket No. 23) and INS General Counsel Bo Cooper (Am. Compl., Ex. 11, Cooper Mem. at 2, Dec. 15, 1999, Docket No. 23).[10]  These memoranda establish that INS recognized and allowed for delays in postal processing of return receipts as proof of mailing (*see* Cooper Mem. at 2) and indicate that an "applicant may establish registration for ABC benefits by credible testimony alone," rendering proof of mailing or receipt unnecessary if the testimony is credible[11] (Langlois 2006 Mem. at 2).   The Court concludes that these policies support a reading that the registration need only be mailed by December 31.

The Magistrate Judge also concluded that the United States failed to demonstrate that the USCIS regulations support a construction of the ABC Agreement requiring both

_____

[10]  The United States objects that the Court "overlooked a more recent 2008 USCIS memo." (Defs.' Obj. to R&R at 8, Docket No. 47.)  The United States argues that use of "filed by" language in that memorandum indicates that the filing date, not the mailing date, is determinative. (Am. Compl., Ex. 3, Langlois 2008 Mem. at 3, Aug. 5, 2008, Docket No. 23.) However, this memo continues: "Asylum Officers will continue to inquire about *ABC* registration when Guatemalan or Salvadoran nationals filed an affirmative asylum application beyond the respective registration dates and will continue to accept tangible evidence or credible testimony as evidence of registration for *ABC* benefits." (*Id.*)  As discussed below, even if the United States is correct that Molina Jerez did not file his **asylum application** before the deadline, their arguments do not take into consideration that Molina Jerez also asserts he signed and submitted his **ABC registration form** prior to December 31, 1991.

[11]  The United States argues that Molina Jerez's testimony is not credible and that the Court should defer to USCIS's factual findings regarding Molina Jerez.  Although the Eighth Circuit noted USCIS's findings regarding Molina Jerez*, Molina Jerez,* 625 F.3d at 1068, the Eighth Circuit was statutorily barred from reviewing the USCIS's factual findings; therefore, this Court is not bound by the Eighth Circuit's refusal to review these findings.  Moreover, for purposes of a motion to dismiss for failure to state a claim, Molina Jerez's allegations are taken as true and facts viewed in a light most favorable to him.  "Whether Molina registered for ABC benefits in a timely manner is a purely factual issue," *id.* at 1069, not properly decided in the context of a motion to dismiss. .

the asylum request **and** the ABC registration form to be filed by December 31, 1991. The United States objects that the Magistrate Judge gave insufficient weight to a USCIS regulation stating that "[a]n application or petition received in a USCIS office shall be stamped to show the time and date of actual receipt and, unless otherwise specified in part 204 or part 245 or part 245a of this chapter, shall be regarded as properly filed when so stamped . . . ." 8 C.F.R. § 103.2(a)(7)(i) (2010).[12]  The United States argues that Molina Jerez's asylum application is an "application or petition" contemplated by §103.2(a)(7)(i).  First, this argument ignores Molina Jerez's allegation that he also mailed an ABC registration form – which is arguably neither an application nor a petition – on December 30, 1991.  Second, the United States does not cite to any authority explaining why this regulation – or its predecessors – should govern the implementation of the ABC Agreement.[13]  This regulation does not compel a determination that Molina Jerez must have filed the asylum request and the ABC registration form by December 31, 1991.

As to the ABC registration form itself, a USCIS regulation supports a reading that the form must be mailed, not received, by December 31.  It defines "[r]egistered ABC

---

[12] This regulation, as cited by the United States was effective November 23, 2010 to November 27, 2011.  The new regulation does not contain this language.  8 C.F.R. § 103.2(a)(7)(i) (2011).  The Department of Homeland Security noted that it removed the language because references to a stamp do not make sense in the context of its new electronic filing system.  76 Fed. Reg. 53,764-01 (Aug. 29, 2011).

[13] The ABC Agreement does not use "filed" but rather "indicate" and "respond" when referring to the asylee's obligations; therefore, nothing in the controlling document suggests Molina Jerez was required to "file" within the meaning of this regulation by December 31, 1991.  Moreover, while the regulation provides that an application **is** properly filed at the time of date stamping, it does not provide that that an application is **not** filed by a particular date if it is not stamped by that date.  Indeed, as specified in 8 C.F.R. § 245a.12 (2011), certain applications are considered filed when postmarked, if posted by a certain date.  Consequently, the regulation cannot preclude a finding that an application is not timely filed if not stamped by a certain date.

class member" as including a Guatemalan who "properly submitted an ABC registration form to the Service on or before December 31, 1991."  8 C.F.R. § 240.60 (2011).  Once again, the verb "submitted" does not expressly denote whether the form is to be mailed or received by that date but tends toward favoring a mailed-by interpretation, for the same reasons as given in the plain reading section above.

The Court finds that the Magistrate Judge's decision as to the December 31, 1991 deadline is well-supported.  The plain meaning of the ABC Agreement, relevant policy memoranda, and regulations all favor an interpretation that the ABC registration form had to be mailed – but not received – by December 31, 1991.  Accordingly, the Court adopts the Magistrate Judge's recommendation and denies the motion to dismiss for failure to state a claim upon which relief may be granted.

## III.    MOTION TO TRANSFER VENUE

### A.    Standard of Review for Motion to Transfer Venue

Venue in this federal question case is governed by 28 U.S.C. § 1391(e), which permits civil actions against an officer or employee of the United States.  These actions

> may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).   "[W]here . . . Defendants have contractually agreed to a particular venue, Section 1391 is irrelevant."   *ELA Med., Inc. v. Arrhythmia Mgmt. Assocs., Inc.*, No. 06-3580, 2007 WL 892517, at *5 (D. Minn. Mar. 21, 2007).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  The factors enumerated in § 1404(a) guide the Court's analysis in determining whether to transfer venue: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Travel Tags, Inc. v. UV Color, Inc.*, 690 F. Supp. 2d 785, 792 (D. Minn. 2010) (citing *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997)).  Evaluation of a transfer motion, however, is not limited to the statutory factors but "require[s] a case-by-case evaluation of the particular circumstances at hand[.]"  *Terra Int'l*, 119 F.3d at 691. It is the moving party's burden to show that the balance of all relevant factors "strongly favors transfer." *Travel Tags*, 690 F. Supp. 2d at 792 (internal quotation marks omitted); *see also Austin v. Nestle USA, Inc.*, 677 F. Supp. 2d 1134, 1137 (D. Minn. 2009) ("A heavy burden rests with the movant to demonstrate why a case should be transferred.") (internal quotation marks omitted).

The Magistrate Judge found that venue in Minnesota was proper and recommended denying the United States' motion to change venue because there was no showing that another forum would be significantly more convenient.  The United States objects, arguing that (1) venue in the District of Minnesota is improper and (2) even if venue in Minnesota is proper, Nebraska would be a significantly more convenient forum for both parties.

## B.    United States' Objections Regarding Venue

The United States contends that venue in the District of Minnesota is improper, because none of the conditions of 28 U.S.C. § 1391(e) is met in the District of Minnesota. The Court concludes that the contractual provisions of the ABC Agreement control venue and the United States waived its right to contest venue in the contract.  *See ELA Med.*, 2007 WL 892517, at *5.  Although the ABC Agreement does not explicitly use the term "venue," paragraph 35 states that an individual class member who has been denied any rights or benefits may bring a claim in "any federal district court."[14]  *ABC*, 760 F. Supp. at 810.   Consequently, venue in the District of Minnesota is proper.

The United States also argues that even if venue is appropriate in the District of Minnesota, the Magistrate Judge erred in deciding that the venue factors disfavor transfer. As noted by the Magistrate Judge, the convenience of the parties is no better in Nebraska than Minnesota, because the plaintiff resides in Guatemala and the defendants are officials and an agency of the United States.   Further, the United States has not demonstrated any inconvenience for non-party witnesses.   The interests of justice similarly do not favor transfer, because the United States agreed to be sued in "any

---

[14] The paragraph goes on to discuss jurisdictional concerns, and the United States argues that this discussion means that the entire paragraph should be restricted to jurisdictional questions and interpreted to have no effect on venue.  The Court is not persuaded; if the United States had wanted to restrict venue, a foreseeable issue, it could have done so in the ABC Agreement by specifying factors to consider in venue selection or by explicitly requiring the application of relevant venue statutes.   Further, the portion of the paragraph discussing jurisdiction only serves to inform the United States of when it may contest jurisdiction.  *ABC*, 760 F. Supp. at 810.  There is no such limitation on venue enumerated in the ABC Agreement; accordingly, the Court finds that there are no limitations placed on selection of a venue – not that venue was not contemplated by the paragraph at all.

federal district court" and could have foreseen any possible inconvenience when it entered into the ABC Agreement.[15]   The Court finds that the United States failed to meet its heavy burden by showing that the District of Nebraska is significantly more convenient than this District.

For all of the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge to deny the motion to transfer venue.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket No. 47] and **ADOPTS** the Recommendation and **ADOPTS IN PART** and **MODIFIES IN PART** the Report of the Magistrate Judge's Report and Recommendation [Docket No. 46].   Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, To Transfer Venue [Docket No. 26] is **DENIED**.

DATED:  March 30, 2012                          s/ *John H. Tunheim*
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                 United States District Judge

---

[15] *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17-18 (1972) (finding that absent a showing that litigation "in the contractual forum will be so gravely difficult and inconvenient that [a party] will for all practical purposes be deprived of his [or her] day in court[,]" enforcement of a forum selection clause will not be considered "unfair, unjust, or unreasonable").